UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIE CLAUDIUS WATT,

    Plaintiff,

v.

CITY OF MINNEAPOLIS, MINNESOTA and
CITY OF ST. PAUL, MINNESOTA,

    Defendants.

Civil No. 06-501 (RHK/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

Plaintiff commenced this action on February 6, 2006, by filing his IFP application, together with a complaint and a voluminous collection of exhibits. The Court found Plaintiff's complaint to be deficient, because it did not allege any historical facts that would support any cause of action against any of the named Defendants. Therefore, by order dated February 15, 2006, (Docket No. 6), the Court ruled that Plaintiff's IFP application would "not be decided at this time." The order pointed out that "the complaint is little more than a jumbled collection of legal conclusions, which are not supported by a cogent explanation of actual historical events," and that Plaintiff had "not set forth the factual and legal bases for his claims in a clear and concise series of numbered paragraphs, as required by Fed. R. Civ. P. 8(a) and 10(b)."

The Court's prior order gave Plaintiff an opportunity to cure the defects in his original pleading by filing an amended complaint within thirty (30) days. Thereafter, Plaintiff did filed a new 88-page pleading, (Docket No. 7), which is very similar to his original complaint. Plaintiff's so-called "amended complaint," like the original complaint, is just a rambling collection of legal conclusions and unexplained exhibits.[1]

It is readily apparent that Plaintiff's amended complaint does not cure the defects found in his original pleading. Plaintiff still has not described any factual or legal grounds that would support any cognizable cause of action against any of the named Defendants. He still has not alleged any historical <u>facts</u> showing what the named Defendants actually did (or failed to do) that has caused them to be sued. Plaintiff apparently believes Defendants played some role in a series of encounters he has had with various police officers during the past five to ten years, but it is impossible to discern anything more from his mostly incoherent pleading. The exhibits submitted with Plaintiff's amended complaint do not add anything meaningful to his pleading. Those materials seem to confirm that Plaintiff has been involved in a number of incidents involving police officers in recent years, but they do not show that Plaintiff has any actionable claim for relief against the named Defendants.

In sum, Plaintiff's amended complaint is just as deficient as his initial pleading. Because Plaintiff has not corrected the shortcomings noted in the prior order in this matter, he still has not pleaded an actionable claim. It will therefore be recommended that Plaintiff's

---

[1] Plaintiff was advised that he should contact the Volunteer Lawyer's Network, and ask that organization to help him find a lawyer to represent him in this matter. Although Plaintiff was strongly encouraged to seek legal assistance before filing an amended complaint, it appears that he chose not to follow that recommendation.

IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  See Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (§ 1915(e)(2)(B)(ii) authorizes district courts to summarily dismiss actions filed by IFP applicants who have failed to plead an actionable claim).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be **DENIED**; and

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 20, 2006

      s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 4, 2006.